UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LANCE NISTLER,<br><br>　　　　　Plaintiff,<br>v.<br><br>THOM PETERSEN, in his official capacity as Commissioner of the Minnesota Department of Agriculture,<br><br>　　　　　Defendant. | Civil Action No.<br>0:24-cv-00186-ECT-LIB<br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on <u>March 5, 2024</u>, and prepared the following report.

Pursuant to the Pretrial Scheduling Notice and Order of February 28, 2024 (Dkt. 15), the Pretrial Scheduling in matters before Magistrate Judge Leo I. Brisbois for the time being will be decided solely on the written submissions made by the parties.

(a) Description of the Case.

　(1) Concise factual summary of plaintiff's claims:

Plaintiff challenges the race-based preferences of Defendant's grant program. Defendant's Down Payment Assistance Grant Program prefers applicants who are members of a community of color or racial minority applicants to receive grant funds. Plaintiff is a farmer who is not a racial minority. Plaintiff applied for the recent round of Defendant's grant, was disadvantaged because he is not a racial minority, and has not received grant funds. Plaintiff plans to apply for the next

1

round of Defendant's grant program, which will have the same preference for racial minority applicants and continue to disadvantage Plaintiff.

(2) Concise factual summary of defendant's claims/defenses:

Defendant Thom Petersen is the Commissioner of the Minnesota Department of Agriculture. The MDA oversees the state's Down Payment Assistance Grant Program, which offers up to $15,000 for qualified farmers purchasing their first farm. Minn. Stat. § 17.133 (2023). In July 2023, a new regulation required that the MDA give preference to qualifying individuals who also meet the definition of "emerging farmer." Minn. Stat. § 17.055 (2023). Defendant denies that section 17.055 violates Plaintiff's right to equal protection. *See* U.S. Const. amend. XIV, § 1. Further, Defendant has no knowledge of whether Plaintiff will apply for future grants nor that the MDA's selection process will remain the same for future grant awards.

(3) Statement of jurisdiction (including statutory citations):

This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1981 and 1983 because Plaintiff claims that the Defendant's grant program deprives him of the equal protection of the law in violation of the Fourteenth Amendment. This Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights).

(4) Summary of factual stipulations or agreements:

The parties have not made any factual stipulations or agreements.

(5) Statement of whether a jury trial has been timely demanded by any party:

Plaintiff is not requesting a jury trial.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

Plaintiff is not requesting an expedited trial on this matter.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Plaintiff has served the Defendant and does not plan to amend his Complaint at this time.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before March 29, 2024.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by N/A (The mental or physical condition of any party is not in controversy in this matter).

(3) The parties must commence fact discovery procedures in time to be completed by October 4, 2024.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) 25 interrogatories;

 (B) <u>The parties do not propose a limit on the number of document requests</u>;

 (C) <u>5 (per party)</u> factual depositions;

 (D) <u>The parties do not propose a limit on the number of requests for admission</u>;

 (E) <u>N/A</u> Rule 35 medical examinations; and

 (F) _____ other.

(d) Expert Discovery.

 (1) The parties anticipate that they will require expert witnesses at the time of trial in the subject matters and fields to be determined during the course of discovery.

 (2) The parties propose that the Court establish the following plan for expert discovery:

  (A) Initial experts.

  The initial expert written reports completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be mutually exchanged by the parties on or before <u>September 6, 2024</u>.

  (B) Rebuttal experts.

  Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be mutually exchanged by the parties on or before <u>October 7, 2024</u>.

 (3) All expert discovery must be completed by <u>December 2, 2024</u>.

(e) Other Discovery Issues.

    (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery. The parties do not believe a proposed order is necessary at this time, but will request entry of a stipulated protective order governing discovery and use of confidential information should one be needed.

    (2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties do not anticipate that this case will involve discovery of electronically stored information at this time. The parties will preserve potentially discoverable ESI, if any, and will work cooperatively to produce ESI in an accessible format.

    (3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

    The parties will comply with applicable law regarding claims of privilege or confidentiality. At this time, the parties do not anticipate any unusual privilege issues. Each party will disclose responsive documents withheld from discovery on the basis of privilege in a privilege log. The log shall contain sufficient information to permit the other parties to

reasonably determine the likely validity of the privilege claimed. In the interest of avoiding undue burden, however, the parties agree that privilege logs need not include correspondence between attorneys and their clients, or correspondence between counsel for the defendant. The parties agree that the inadvertent production of documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other privilege will not waive such documents' privileged and protected status, and that the notice procedure in FRCP 26(b)(5)(B) for such inadvertent production shall apply.

(4) The parties:

X agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by <u>July 5, 2024</u>.

(2) Motions seeking to amend the pleadings must be filed and served by <u>July 5, 2024</u>.

(3) All other non-dispositive motions must be filed and served by <u>January 7, 2025</u>.

(4) All dispositive motions must be filed and served by <u>February 7, 2025</u>.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after <u>June 9, 2025</u>.

(2) The parties propose that the final pretrial conference be held on or before <u>June 2, 2025</u>.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

None.

(i) Settlement.

The parties do not anticipate reaching a settlement of this issue and intend to litigate the merits to resolution.

(j) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

DATE: March 25, 2024.   /s/ James V. F. Dickey
James V. F. Dickey
Minn. Bar No. 393613
Upper Midwest Law Center
8421 Wayzata Boulevard
Suite 300

                        Golden Valley, Minnesota 55426
                        Tel.: 612-428-7000
                        james.dickey@umwlc.org

                        Andrew R. Quinio*
                        Cal. Bar No. 288101
                        Joshua P. Thompson*
                        Cal. Bar No. 250955
                        Pacific Legal Foundation
                        555 Capitol Mall, Suite 1290
                        Sacramento, CA 95814
                        Tel.: (916) 419-7111
                        Fax: (916) 419-7747
                        AQuinio@pacificlegal.org
                        JThompson@pacificlegal.org

                        **Pro Hac Vice*

Dated: March 25, 2024.          Respectfully submitted,

                        KEITH ELLISON
                        Attorney General
                        State of Minnesota

                        /s/ Christina Brown
                        CHRISTINA BROWN
                        Assistant Attorney General
                        Atty. Reg. No. 0391019

                        OLIVER J. LARSON
                        Atty. Reg. No. 0392946
                        Assistant Attorney General

                        445 Minnesota Street, Suite 1400
                        St. Paul, Minnesota 55101-2131
                        (651) 757-1471 (Voice)
                        (651) 297-4139 (Fax)
                        christina.brown@ag.state.mn.us

                        *Attorneys for Defendant Thom Petersen, in his official capacity as the Commissioner of the Minnesota Department of Agriculture*